**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-11076
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CLOVER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CR-17-H-1)

July 10, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Clover was charged with mail and wire fraud arising out of a

fraudulent scheme to sell insurance.  The indictment generally alleged that Clover

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

mailed and faxed fraudulent financial documents to insurance agents and brokers to induce them to purchase policies from Clover's shell insurance corporation, Standard Indemnity Company, Ltd. Following a jury trial, Clover was convicted of four counts of mail fraud, 18 U.S.C. § 1341, and two counts of wire fraud, 18 U.S.C. § 1343. The district court sentenced Clover to a term of imprisonment of 100 months. Clover timely appealed.

Clover contends that the evidence was insufficient to prove the wire fraud convictions because the indictment alleged that the false financial documents were faxed to a specific facsimile number in New Orleans, but the government failed to offer evidence that Clover sent a fax to that number. The indictment alleged and the government presented sufficient evidence that Clover faxed fraudulent financial materials to New Orleans from Dallas. That the government failed to prove an immaterial fact -- the specific facsimile number -- does not warrant reversal.[2]

Clover also contends that there was insufficient evidence to convict him of the four counts of mail fraud because the evidence adduced at trial did not show that the fraudulent financial materials were delivered by the "United States Postal Service" as alleged in the indictment. Instead, the evidence demonstrated that the

---

[2] **United States v. Hughes**, 766 F.2d 875 (5th Cir. 1985).

2

materials were "mailed" or received by "U.S. mail." We previously have held that the term "mailed" is sufficient to support an inference that the United States Postal Service was used.[3] We therefore find Clover's contention to be without merit.

Finally, Clover argues that the district court committed plain error in failing to instruct the jury on the issue of the materiality of Clover's alleged misrepresentations.[4] Without deciding whether an instruction on materiality is required, we conclude that the instruction given by the district court adequately presented the question of materiality to the jury.[5] Furthermore, the evidence overwhelmingly demonstrates that the information disseminated by Clover was materially false. We therefore find no error on the part of the district court.

The judgment appealed is AFFIRMED.

---

[3] **United States v. Fox**, 69 F.3d 15 (5th Cir. 1995).

[4] See **United States v. Gaudin**, 515 U.S. 506 (1995).

[5] **United States v. Pipkin**, ____ F.3d ____, 1997 WL 291685 (5th Cir. 1997).